# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BROADCAST MUSIC, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ACAPULCO, INC., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-147 |

## **MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff Broadcast Music Inc.'s ("BMI") Motion for Default Judgment.[1] ECF Nos. 18 (motion), 19 (memorandum). The Court has considered the arguments in the briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

**I.    BACKGROUND**

This case involves the unauthorized public performance of copyrighted material. BMI, a performance rights organization, has been granted licensing rights to the public performance of 18.7 million copyrighted musical compositions ("the BMI Repertoire"). ECF No. 1 ¶ 3. Defendant Acapulco, Inc. ("Acapulco") owns Allure 30/30,

---

[1] BMI filed the Motion for Default Judgment. ECF No. 18. However, the motion itself indicates that BMI filed it on behalf of all named plaintiffs. ECF No. 18 ("Plaintiffs respectfully move this Court for entry of default judgment. . ."); ECF No. 18-3 ("Plaintiffs Motion for Default Judgment."). Further, all the plaintiffs are represented by the same counsel. Thus, the Court construes BMI's motion as filed on behalf of all the named plaintiffs.

a nightclub that features performances of live and recorded music. *Id.* ¶¶ 15–16. Defendants Melvin Anderson, Carnell Madison, and Michael Sampson are officers of Acapulco. *Id.* ¶¶ 18–23. Despite BMI's repeated attempts to contact the defendants to inform them of their legal obligation under the Copyright Act to purchase a license, the defendants performed musical compositions from the BMI Repertoire without authorization. *Id.* ¶¶ 25–26.

As a result, the plaintiffs filed this lawsuit on April 6, 2022, alleging four claims of willful copyright infringement. ECF No. 1 ¶ 26. The plaintiffs properly served the defendants on October 5, 2022. ECF Nos. 10–14. The defendants failed to submit an answer or other responsive pleading. The Clerk entered default on March 27, 2023 (ECF No. 17), and BMI filed this Motion for Default Judgment on April 25, 2023 (ECF Nos. 18 (motion), 19 (memorandum)). The defendants did not file a response to the motion.

## II.  LEGAL STANDARDS

### A.  Motion for Default Judgment

Once a defendant is served process, they have 21 days to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). When a plaintiff shows that the defendant has failed to file responsive pleadings, the clerk "must enter" a default, which amounts to an automatic admission of all allegations in the complaint that do not deal with the amount of damages. Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 8(b)(6). After the Clerk enters a default, a plaintiff who seeks default judgment on a claim that is not for a sum certain must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

Whether to grant a motion for default judgment is a matter for the Court's discretion. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co.*, 383 F.2d 249, 251 (4th Cir.1967); *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014); *Vick v. Wong*, 263 F.R.D. 325, 329 (E.D. Va. 2009). The Fourth Circuit strongly prefers that courts adjudicate cases on the merits and has encouraged district courts to construe Fed. R. Civ. P. 55(c) liberally, in order to deny motions for default judgment. *See, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). However, default judgments are warranted when a defendant fails to appear or participate. *Chafin v. Chafin*, 568 U.S. 165, 175 (2013); *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022). Courts in this district have found that default judgment should be granted when the defaulting party's unresponsiveness has halted the adversary process. *See, e.g., Walsh v. Heavenly Hands Home Healthcare LLC*, No. 2:22-cv-237, 2022 WL 18777533, at *5 (E.D. Va. Sept. 1, 2022); *Alstom Power, Inc. v. Graham*, No. 3:15cv174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016).

Because the defendant, by defaulting, has admitted the facts alleged in the Complaint, the Court must determine whether the plaintiff's allegations are sufficient for judgment to be entered. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). In other words, the Court must decide whether the Complaint contains adequate factual materials to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Grabert*, 8 F. Supp. 3d at 736 (applying the *Twombly* and *Iqbal* standard in the context of default judgment).

Finally, if the moving party seeks a judgment on damages, the Court has discretion over how damages may be shown. *Transp. Dist. Comm'n of Hampton Roads v. U.S. Workboats, Inc.*, No. 2:21-cv-181, 2021 WL 8445262, at *4 (E.D. Va. Sept. 17, 2021) (citing *JTH Tax, Inc. v. Geraci*, No. 2:14-cv-236, 2014 WL 4955373, at *7 (E.D. Va. Oct. 2, 2014)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—*other than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added); *Alstom Power, Inc.*, 2016 WL 354754 at *2 (a defaulting defendant is not deemed to have admitted the amount of damages).

### B. Copyright Infringement

The Copyright Act, 17 U.S.C. § 101, *et seq.*, provides a copyright owner the "exclusive rights to do and to authorize" the public performance of copyrighted musical works. 17 U.S.C. § 106(4). "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) that the defendant copied original elements of the plaintiff's copyrighted work. *Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In the music performance context, "one who publicly performs copyrighted music

without permission from the copyright owner thereby infringes the copyright." *EMI Apr. Music v. White*, 618 F. Supp. 2d 497, 504 (E.D. Va. 2009).

### III. ANALYSIS

#### A. Default Judgment is Appropriate and Reasonable.

The Court would prefer to decide this case on the merits, but the defendants' nonresponse makes that impossible. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. The defendants' failure to file responsive pleadings for over 17 months has brought the adversary process to a standstill. *See Walsh*, 2022 WL 18777533 at *5. Therefore, the Court finds default judgment appropriate in this case.

#### B. The Plaintiffs Complaint Plausibly Alleges Claims for Copyright Infringement.

The first requirement—ownership of a valid copyright—is met. The Complaint alleges copyright ownership and that the publishers of the songs at issue received valid certificates of registration from the Register of Copyrights. ECF No. 1 ¶ 29; ECF No. 1-1. These facts are sufficient to establish ownership of a valid copyright. *EMI Apr. Music, Inc.*, 618 F. Supp. 2d at 504–05.

The second requirement—copying original elements of the plaintiff's copyrighted work—is also met. The Complaint alleges that the defendant "public[ly] perform[ed] . . . musical compositions from the BMI Repertoire." ECF No. 1 ¶ 26. The plaintiffs provided a schedule as an exhibit to the Complaint that identifies each copyrighted musical composition, its writers and publishers, the date that the copyright registration was issued, the copyright registration numbers, the date of infringement, and the establishment where the infringement occurred. *Id.* ¶ 27; ECF

No.1-1. These facts are sufficient to show that the defendants copied original elements of the copyrighted work.

Because the Complaint contains all the required elements for copyright infringement, because such facts are deemed admitted due to the defendants' failure to respond, and because default judgment is appropriate in this case, the Court **GRANTS** BMI's Motion for Default Judgment (ECF No. 18).

### C. Relief

Plaintiffs are generally entitled to remedies for infringement including injunctions, monetary damages, and attorney's fees. 17 U.S.C. §§ 502, 504, 505. BMI seeks statutory damages, attorneys' fees, and injunctive relief. The Court will address each request for relief in turn.

#### i. *Statutory Damages*

The Copyright Act instructs courts to award between $750 and $30,000 for each alleged infringement. 17 U.S.C. § 504(c)(1). In a case where the defendant has willfully violated the copyright, the Court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Fourth Circuit has not yet provided guidance for calculating statutory damages under 17 U.S.C. § 504(c). However, courts within the Fourth Circuit consider several factors when awarding statutory damages including: (1) the expenses saved and the profits earned by the defendant in connection with infringement, (2) revenues lost to the plaintiff, (3) the willfulness of the infringement, (4) the conduct of the parties, and (5) the deterrent effect on the defendant. *EMI Apr. Music*, 618 F. Supp. 2d at 509; *Joe*

*Hand Promotions, Inc. v. Ivanova*, No. 3:22-cv-393, 2023 WL 2940230, at *3 (W.D.N.C. Apr. 13, 2023).

First, the plaintiffs represent to the Court that their current annual licensing fee is $4,300. ECF No. 18-1 ¶ 17. Therefore, had the defendants entered into an agreement in April 2018 when the plaintiffs first contacted them, the plaintiffs would have earned $25,800 in licensing fees. Thus, the defendants saved, and the plaintiffs lost $25,800 because of the defendants' infringement.

Second, the Court finds that the defendants willfully violated copyright law. The Complaint details that since April 2018, the plaintiffs have contacted the defendants "over 40 times . . . to educate [the defendants] as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance" of their copyrighted musical compositions. ECF No. 1 ¶ 25. These communications included letters, telephone calls, and formal cease-and-desist notices. *Id.* Attached to the Motion for Default Judgment is an affidavit detailing BMI's offer to enter into a blanket license agreement with the defendants, which the defendants did not accept. ECF No. 18-1 ¶¶ 3, 8. Thus, the Court finds that the defendants willfully infringed the plaintiffs' valid copyrights.

Importantly, "statutory damages are intended not merely for restitution of profit or reparation of injury, but to deter wrongful conduct." *EMI Apr. Music, Inc.*, 618 F. Supp. 2d at 508 (citing *F.W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 233 (1952)). The Supreme Court has emphasized the importance of this deterrent component:

7

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit for reparation for injury but also is designed to discourage wrongful conduct.

*F.W. Woolworth Co.*, 344 U.S. at 233. As detailed above, the defendant has engaged in blatantly willful infringement. Because of the important deterrent purposes of statutory damages in cases of willful infringement, "courts have routinely awarded statutory damages in amounts that arc between two and three times license fees." *EMI Apr. Music*, 618 F. Supp. 2d at 508 (collecting cases).

Given the defendants' clearly willful conduct, their failure to appear in this litigation, and considering the licensing fee that would have applied, an appropriate statutory damages award in this case is $51,600, which is two times the licensing fee costs that the defendant saved by willfully infringing.

### ii. Attorney's Fees

The Copyright Act vests courts with the discretion to award costs and reasonable attorney's fees. 17 U.S.C. § 505. There is no precise rule or formula for awarding attorney's fees. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203 (2016). However, the Supreme Court has made clear that a district court may not "award[] attorney's fees as a matter of course" and cannot treat prevailing plaintiffs and prevailing defendants differently. *Id.* (reiterating the holding in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)). The Fourth Circuit has adopted four factors to guide district courts in determining whether to award attorney's fees and costs under 17 U.S.C. § 505:

> (1) The motivation of the parties;
>
> (2) The objective reasonableness of the legal and factual positions advanced;
>
> (3) The need in particular circumstances to advance considerations of compensation and deterrence; and
>
> (4) Any other relevant factor presented.

*Allora, LLC v. Cambridge Builders of Johnston Cnty., Inc.*, 532 Fed. App'x 349, 351 (4th Cir. July 9, 2013) (unpublished) (quoting *Diamond Star Bldg. Corp. v. Freed.*, 30 F.3d 503, 505 (4th Cir. 1994)).

It is clear to the Court that the plaintiffs brought this lawsuit to vindicate rights provided by Congress in the Copyright Act. The objective reasonableness of their position is also obvious because the defendants "failed to even respond to the suit." *EMI Apr. Music Inc.*, 618 F. Supp. 2d at 512. Finally, the plaintiffs in this case have made several attempts to work with the defendants. The defendants repeatedly rejected those efforts. As was the case in *EMI Apr. Music*, "persons in the same situation as [the] [p]laintiffs should be encouraged to bring such actions where their patient and thorough efforts to try to work with an infringer have been flatly rebuffed." *Id.* Thus, the Court finds that attorney's fees should be awarded in this case.

Because attorney's fees are appropriate, the Court must decide what amount is proper. *See Kennedy v. A Touch of Patience Shared Housing, Inc.*, 779 F. Supp. 2d 519, 525 (E.D. Va. 2011) ("Despite defendant's failure to appear to contest awarding of attorney's fees to plaintiff, the Court is nevertheless obligated to review the fee

award request independently for reasonableness."). The plaintiffs' counsel seeks $3,000 in attorney's fees and costs. ECF No. 19 at 4. Plaintiffs' counsel attached an affidavit to the memorandum that includes an hourly itemized breakdown of the attorney's fees and costs requested. The Court has reviewed the affidavit and finds that the requested attorney's fees are reasonable compensation for the time expended to enforce the plaintiffs' rights under the Copyright Act. *See EMI Apr. Music*, 618 F. Supp. 2d at 512 (finding a request for $2,875 in attorney's fees and costs reasonable in a default judgment action); *Broad. Music, Inc. v. GT Leesburg 2014, LLC*, No. 1:19-cv-38, 2019 WL 4044422, at *5 (E.D. Va. Aug. 1, 2019) *R. & R. adopted by* 2019 WL 4046543 (E.D. Va. Aug. 27, 2019) (finding a request for $3,630 in attorney's fees and costs reasonable).

### iii. *Injunctive Relief*

In addition to damages, the Complaint seeks injunctive relief. ECF No. 1 at 6. In order to grant an injunction, the Court must determine that the plaintiff pleaded facts sufficient to demonstrate four factors: "(1) that [they have] suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011). "[E]ven upon this showing, whether to grant the injunction still remains in the 'equitable discretion' of the court." *Christopher Phelps & Assoc., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

In the Complaint, the plaintiffs allege that the defendants' copyright infringement has "caused and [is] causing Plaintiffs great and incalculable damage" and without an injunction they "will suffer irreparable injury for which they have no adequate remedy at law." ECF No. 1 ¶ 32. The basis of the plaintiffs' infringement claims is the public performance of their copyrighted music. As the court in *EMI Apr. Music* stated:

> The very nature of this kind of infringement suggests irreparable harm. Once a song has been played and heard, it is difficult to conceive of how such harm can be remedied—short of an effort to award damages . . . [T]his is not a fact pattern involving a tangible item that might be retrieved or destroyed in order to remedy the copyright infringement. Music cannot be retrieved or destroyed once the public performance has taken place. The harm cannot be "repaired," which makes such harm irreparable. Furthermore, to the extent that continued public performance takes place of [the plaintiff's] copyrighted music, such performances cannot be taken back.

618 F. Supp. 2d at 510. The same reasoning applies here. Thus, the plaintiffs have demonstrated irreparable harm.

As to the second requirement—inadequate remedies at law—the Fourth Circuit has recognized that it necessarily overlaps with the first. *See Phelps*, 492 F.3d at 544 (analyzing the first and second prongs together). The Fourth Circuit has further recognized that there are cases where calculation of damages is possible, but "any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible." *Id.* Given the nature of the copyright infringement at issue—the ongoing public performance of copyrighted musical composition—it would be possible for the Court to calculate damages, but it would be

11

both impractical and ineffective as a remedy. *EMI Apr. Music*, 618 F. Supp. 2d at 511 ("Are Plaintiffs to hire an investigator to attend each musical performance at Defendant's establishment? The mere thought suggests the impracticality of the attempt to quantify actual damages for what is likely to be an ongoing infringement absent such an injunction."). Thus, the Court finds that the plaintiffs have sufficiently demonstrated inadequate remedies at law.

Next, the Court must consider the balance of the hardships between the plaintiffs and the defendants. Here, a permanent injunction would force the defendants to stop performing copyrighted music at their establishments without authorization. The defendants would be left with two options: they can either stop performing music in the BMI Repertoire or obtain a license and continue playing the music. Neither option would require the defendants to cease operations. Furthermore, the Copyright Act already requires the defendant to refrain from performing copyrighted music without authorization. Thus, the impact on the defendants is minimal because an injunction would merely require them to do something that they are already legally obligated to do.

In contrast, the plaintiffs face hardship if no permanent injunction is issued, because of the difficulty enforcing copyrights in the public performance context. *EMI Apr. Music*, 618 F. Supp. 2d at 511. The hardship is most obvious when considering what would be required for the plaintiffs to discover the defendants' infringement—a constant presence at the defendants' establishments to determine whether the

copyrighted songs have been publicly performed. *Id*. Thus, the balance of the hardships weighs in favor of granting an injunction.

Finally, the Court must consider the public interest. "It is easy to understand that the public interest reflected in the Constitutional protection of copyright, and the congressional enactment of the Copyright Act, is enhanced by issuance of a permanent injunction where copyright infringement has taken place." *EMI Apr. Music*, 618 F. Supp. 2d at 511. Therefore, the Court finds that the public interest weighs in favor of granting an injunction.

Because the plaintiffs have satisfied each required element, the Court finds that an injunction is an appropriate remedy. Accordingly, the defendants and their employees are **ENJOINED** from publicly performing, or causing to be performed, or aiding and abetting the public performance of any and all music in the BMI Repertoire without proper authorization.

## IV. CONCLUSION

Plaintiff Broadcast Music, Inc.'s Motion for Default Judgment (ECF No. 18) is **GRANTED.**

It is **ORDERED** that default judgment be entered against Defendants Acapulco Inc. d/b/a Allure 30/30, Melvin Anderson, Michael Sampson, and Carnell Madison.

It is **FURTHER ORDERED** that Defendants Acapulco Inc. d/b/a Allure 30/30, Melvin Anderson, Michael Sampson, and Carnell Madison pay statutory damages in the amount of $51,600, and attorney's fees and costs in the amount of $3,000.

It is **FURTHER ORDERED** that Defendants Acapulco Inc. d/b/a Allure 30/30, Melvin Anderson, Michael Sampson, and Carnell Madison and their employees are permanently **ENJOINED** from publicly performing, causing to be performed, or aiding and abetting the public performance of any and all music in the BMI Repertoire without proper authorization.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the defendants and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 19, 2024